UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN - NORTHERN DIVISION
_____

| | |
|---|---|
| GREGORY ACKERMAN, ACKERMAN BROTHERS FARMS, LLC, BACK ROAD FARMING, INC., et al, individually and on behalf of a class of similarly situated persons, | Case No: |
| **Plaintiffs,** | |
| v | **COMPLAINT FOR JUDICIAL REVIEW OF AGENCY ACTIONS, DECLARATORY AND INJUNCTIVE RELIEF, CONTRACT REFORMATION, CONTRACT RESCISSION, DAMAGES AND OTHER RELIEF** |
| UNITED STATES DEPARTMENT OF AGRICULTURE, RISK MANAGEMENT AGENCY, et al, | |
| **Defendants.** | |

_____

John D. Tallman (P32312)
JOHN D. TALLMAN, PLC
Attorneys for Plaintiffs
4020 East Beltline Ave. N.E. – Suite 101
Grand Rapids, MI  49525
(616) 361-8850

_____

Plaintiffs, by and through their attorney, John D. Tallman, for their complaint states as follows:

## INTRODUCTION

1.     Plaintiffs request judicial review of final agency action and other relief related to crop insurance known as the 2015 Dry Bean Revenue Endorsement (DBRE). This complaint is brought under the Administrative Procedure Act ("APA"), 5 U.S.C. §701, et. seq., for declaratory and injunctive relief from administrative determinations issued by the Federal Crop Insurance Corporation ("FCIC") and the Risk Management Agency

1

("RMA").   The complaint also requests declaratory and injunctive relief, contract reformation or rescission, and a money judgment against Defendant insurance companies.  The administrative determinations that are the subject of this action relate to the establishment of a harvest price under the DBRE and include the FCIC approval of the DBRE in 2012, the FCIC approval of the expansion of the DBRE to Michigan in 2013, the December 15, 2015 RMA interpretation of the 2015 Dry Bean Revenue Endorsement ("DBRE"), and the March 8, 2016 RMA interpretation of the 2015 DBRE.

2.      Plaintiffs bring this action as a class action on behalf of all dry bean farmers in Michigan (navy [pea] beans and small red beans), Minnesota (dark red kidney beans), and North Dakota (dark red kidney beans) who purchased, from Defendant insurance companies, DBRE crop insurance coverage for their dry bean crops in 2015.  The purpose of this insurance was to protect dry bean farmers against a market price decline.  Although dry bean market prices declined greatly in 2015, no indemnity was paid to Plaintiffs because adverse determinations were made by Defendants RMA and FCIC related to the establishment of a "harvest price" under the DBRE for navy [pea] beans and small red beans in Michigan and for dark red kidney beans in Minnesota and North Dakota. Plaintiffs seek a declaratory judgment that some or all of the adverse determinations issued by the FCIC and RMA were arbitrary, capricious, an abuse of discretion, and not in accordance with law; were contrary to constitutional right, power, privilege, or immunity; were contrary to statutes and other law; were without observance of procedure required by law; and were unwarranted by the facts.  Plaintiffs further seek an order directing that the adverse determinations of FCIC and RMA be set aside pursuant to the judicial review provisions of the Administrative Procedure Act, 5 U.S.C. §701, et seq. (2003), that

Defendant agencies be enjoined to set a harvest price based on actual market prices for the 2015 crop year, that Defendant insurance companies be enjoined to indemnify Plaintiffs' losses or to reimburse to Plaintiff the premiums paid for DBRE insurance, and that Defendants be enjoined from taking any action inconsistent with the judgment of this Court.

## CLASS ACTION ALLEGATIONS

3.      The named plaintiffs bring this action on behalf of themselves and on behalf of all navy (pea) bean farmers in Michigan who paid an additional premium to have their beans insured by the 2015 DBRE, on behalf of all small red bean farmers in Michigan who paid an additional premium to have their beans insured by the 2015 DBRE, and on behalf of all dark red kidney bean farmers in Minnesota and North Dakota who paid an additional premium to have their beans insured by the 2015 DBRE.  Plaintiffs believe that many hundreds of dry bean farmers in Michigan, Minnesota and North Dakota purchased DBRE coverage and belong to this class.  The class is so numerous that joinder of all members of the class is impracticable.  F.R. Civ. P. 23(a)(1).

4.      The claims of the named Plaintiffs and class Plaintiffs involve questions of law and fact which are identical.  F.R. Civ. P. 23(a)(2).

A.      The named Plaintiffs and class Plaintiffs are all dry bean farmers (navy and small red beans in Michigan and dark red kidney beans in Minnesota and North Dakota) who grew dry beans during the 2015 crop year and paid additional premiums to obtain revenue protection under the DBRE.

B.      The named Plaintiffs and class Plaintiffs all seek to assert contractual rights conferred by the Federal Crop Insurance Act, and by the DBRE.

C.      The named Plaintiffs and class Plaintiffs all seek declaratory, injunctive, and monetary relief requiring defendant agencies to set a harvest price that reflects the actual market price, pursuant to the DBRE and the Federal Crop Insurance Act, and requiring defendant insurance companies to honor Plaintiffs' claims for indemnification, or, in the alternative, to reimburse to Plaintiffs the premiums paid for DBRE insurance.

5.      The claims of the named Plaintiffs are typical of the claims of the class which they seek to represent, and the named Plaintiffs have no interests which are in conflict or inimical to those of the members of the class.  F.R. Civ. P. 23(a)(3).

6.      The named Plaintiffs will fairly and adequately represent the interests of all class members.  F.R. Civ. P. 23(a)(4).

7.      The prosecution of separate actions by individual members of the class will create a risk of inconsistent adjudications, which will establish incompatible standards of conduct for the Defendants and will substantially impair the ability of members of the class who are not parties to individual prosecutions to protect their interests.  F.R. Civ. P. 23(b)(1).

8.      Defendants' actions or failures to act are based upon grounds generally applicable to the class, thereby making appropriate preliminary and final injunctive and declaratory relief with respect to the class as a whole.  F.R. Civ. P. 23(b)(2).

9.      The questions of law and fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.   F.R. Civ. P. 23(b)(3).

10.      The named Plaintiffs are represented by experienced attorneys who will vigorously pursue the interests of the named and Class Plaintiffs.   These attorneys do not have any conflicts of interest with respect to any crop insurance companies or agencies that may sell or promote the DBRE.

## THE NAMED PARTIES

11.      Plaintiff Greg Ackerman is a Michigan resident who farms in Tuscola County, Michigan, and who grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

12.      Plaintiff Ackerman Brothers Farms, LLC is a Michigan farm which farms in Bay County and Tuscola County, Michigan, and which grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

13.      Plaintiff Back Road Farming, Inc. is a Michigan farm which farms in Huron County, Michigan, and which grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

14.      Plaintiff Daniel E. Balcer is a Michigan resident who farms in Huron County, Michigan, and who grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

15.     Plaintiff Becker Farms, LLC is a Michigan farm which farms in Tuscola County, Michigan, and which grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

16.     Plaintiff Randy Becking is a Michigan resident who farms in Michigan, and who grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

17.     Plaintiff Bernia & Sons Farms, Inc. is a Michigan farm which farms in Tuscola County, Michigan, and which grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

18.     Plaintiff Bernia Family Farms, Inc. is a Michigan farm which farms in Tuscola County, Michigan, and which grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

19.     Plaintiff Brian Brandenburg is a Michigan resident who farms in Huron County and Tuscola County, Michigan, and who grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

20.     Plaintiff Gary Bulzan is a Michigan resident who farms in Lapeer County and St. Clair County, Michigan, and who grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

21.     Plaintiff D. T. Rouech Farms, LLC is a Michigan limited liability company which farms in Bay County, Michigan, and which grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

22.     Plaintiff Todd W. Draggoo is a Michigan resident who farms in Sanilac County, Michigan, and who grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

23.     Plaintiff Rich Elbert is a Minnesota resident who farms in Minnesota, and who grew dry beans (dark red kidney beans) insured by the DBRE in 2015.

24.     Plaintiff Beatrice Elenbaum is a Michigan resident who farms in Michigan, and who grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

25.     Plaintiff French Farms is a Michigan farm which farms in Bay County, Michigan, and which grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

26.     Plaintiff Harry Gaiser, Jr. is a Michigan resident who farms in Bay County and Saginaw County, Michigan, and who grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

27.     Plaintiff Jason Gaiser is a Michigan resident who farms in Bay County, Michigan, and who grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

28.     Plaintiff Goebel Farms, Inc. is a Michigan farm which farms in Huron County, Michigan, and which grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

29.     Plaintiff James Gremel is a Michigan resident who farms in Huron County, Michigan, and who grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

30.     Plaintiff Gro Green Acres is a Michigan farm which farms in Huron County, Michigan, and which grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

31.     Plaintiff Gruehn Farms, Inc. is a Michigan farm which farms in Huron County, Michigan, and which grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

32.     Plaintiff Gruehn Acre Farms is a Michigan farm which farms in Huron County, Michigan, and which grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

33.     Plaintiff Jason Haag is a Michigan resident who farms in Huron County and Tuscola County, Michigan, and who grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

34.     Plaintiff Terry Haag is a Michigan resident who farms in Huron County, Michigan, and who grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

35.     Plaintiff Tom Haag, Inc. is a Michigan farm which farms in Huron County and Tuscola County, Michigan, and which grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

36.     Plaintiff Scott Hawken is a Michigan resident who farms in Tuscola County, Michigan, and who grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

37.     Plaintiff John Schluckebier Farms, Inc. is a Michigan farm which farms in Michigan, and which grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

38.     Plaintiff Fred Karg is a Michigan resident who farms in Huron County, Michigan, and who grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

39.     Plaintiff Jeff A. Kosek is a Minnesota resident who farms in McLeod County, Minnesota, and who grew dry beans (dark red kidney beans) insured by the DBRE in 2015.

40.     Plaintiff Constance Kreger is a Michigan resident who farms in Sanilac County, Michigan, and who grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

41.     Plaintiff Kurtis Kreger is a Michigan resident who farms in Sanilac County, Michigan, and who grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

42.     Plaintiff Timothy Kubacki is a Michigan resident who farms and in Michigan, and who grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

43.     Plaintiff Kundinger Farms, Inc. is a Michigan farm which farms in Huron County and Tuscola County, Michigan, and which grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

44.     Plaintiff Laracha Farms, LLC is a Michigan farm which farms in Tuscola County and Saginaw County, Michigan, and which grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

45.     Plaintiff Matthew Lutz is a Michigan resident who farms in Huron County and Tuscola County, Michigan, and who grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

46.    Plaintiff R & J Farms, Inc. is a Michigan farm which farms in Huron County, Michigan, and which grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

47.    Plaintiff Robert Rathje is a Michigan resident who farms in Michigan, and who grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

48.    Plaintiff Rayl Farms, Inc. is a Michigan farm which farms in Tuscola County, Michigan, and which grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

49.    Plaintiff Reichmann Land & Cattle LLP is a Minnesota farm which farms in McLeod County, Minnesota, and which grew dry beans (dark red kidney beans) insured by the DBRE in 2015.

50.    Plaintiff Richmond Brothers Farms, LLC is a Michigan farm which farms in Michigan, and which grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

51.    Plaintiff Rodammer Farms, Inc. is a Michigan farm which farms in Tuscola County, Michigan, and which grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

52.    Plaintiff Russell Transport, Inc. is a Michigan farm which farms in Tuscola County, Michigan, and which grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

53.    Plaintiff Daniel Sahr is a Michigan resident who farms in Michigan, and who grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

54.     Plaintiff Leasly Schaper is a Michigan resident who farms in Huron County, Michigan, and who grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

55.     Plaintiff Gregory Schian is a Michigan resident who farms in Saginaw County, Michigan, and who grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

56.     Plaintiff Jeffery Schian is a Michigan resident who farms in Saginaw County, Michigan, and who grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

57.     Plaintiff John Schian is a Michigan resident who farms in Saginaw County, Michigan, and who grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

58.     Plaintiff Brad Singer is a Michigan resident who farms in Huron County and Tuscola County, Michigan, and who grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

59.     Plaintiff Stacer Farms Ltd. Partnership is a Michigan farm which farms in Michigan, and which grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

60.     Plaintiff Mark Stambaugh is a Michigan resident who farms in Huron County, Michigan, and who grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

61.     Plaintiff Donald Stecker is a Michigan resident who farms in Michigan, and who grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

62.     Plaintiff Vern Stephen is a Michigan resident who farms in Bay County and Saginaw County, Michigan, and who grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

63.     Plaintiff Lucas M. Stockmeyer is a Michigan resident who farms in Tuscola County, Michigan, and who grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

64.     Plaintiff Robert Stockmeyer is a Michigan resident who farms in Tuscola County, Michigan, and who grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

65.     Plaintiff Kendall Stoeckle is a Michigan resident who farms in Huron County, Michigan, and who grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

66.     Plaintiff Stoutenburg Farms is a Michigan farm which farms in Sanilac County, Michigan, and which grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

67.     Plaintiff Three R Farms, Inc. is a Michigan farm which farms in Huron County and Tuscola County, Michigan, and which grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

68.     Plaintiff Vader and Son, LLC is a Michigan farm which farms in Tuscola County, Michigan, and which grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

69.   Plaintiff Vader Farms, Inc. is a Michigan farm which farms in Tuscola County, Michigan, and which grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

70.   Plaintiff Vanhoost Farms, Inc. is a Michigan farm which farms in Tuscola County, Michigan, and which grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

71.   Plaintiff Glenn L. Vogel is a Michigan resident who farms in Tuscola County, Michigan, and who grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

72.   Plaintiff Joseph Vohwinkle is a Michigan resident who farms in Iosco County, Michigan, and who grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

73.   Plaintiff Jim Wilkinson is a Michigan resident who farms in Michigan, and who grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

74.   Plaintiff Terry Wood is a Michigan resident who farms in Tuscola County, Michigan, and who grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

75.   Plaintiff Don Zaremba is a Michigan resident who farms in Bay County, Michigan, and who grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

76.   Plaintiff Zimmer Farms, Inc. is a Michigan farm which farms in Tuscola County, Michigan, and which grew dry beans (navy and/or small red beans) insured by the DBRE in 2015.

77.     Defendant United States Department of Agriculture ("USDA") is a department of the United States government and is the parent agency of Defendant RMA, which in turn administers Defendant FCIC, a wholly government-owned corporation created under the Federal Crop Insurance Act, 7 U.S.C. §1501, et. seq.

78.     Defendant ACE American Insurance Company is a resident of Pennsylvania, where its headquarters are located and is an approved Insurance Provider (AIP) licensed to sell crop insurance policies in the States of Michigan, Minnesota and North Dakota, and who sold DBRE policies in 2015.

79.     Defendant Agrinational Insurance Company, Inc. is a resident of Illinois, where its headquarters are located and is an approved Insurance Provider (AIP) licensed to sell crop insurance policies in the States of Michigan, Minnesota and North Dakota, and who sold DBRE policies in 2015.

80.     Defendant American Agri-Business Insurance Company is a resident of Iowa, where its headquarters are located and is an approved Insurance Provider (AIP) licensed to sell crop insurance policies in the States of Michigan, Minnesota and North Dakota, and who sold DBRE policies in 2015.

81.     Defendant American Agricultural Insurance Company is a resident of Illinois, where its headquarters are located and is an approved Insurance Provider (AIP) licensed to sell crop insurance policies in the States of Michigan, Minnesota and North Dakota, and who sold DBRE policies in 2015.

82.     Defendant Atlantic Specialty Insurance Company is a resident of New York, where its headquarters are located and is an approved Insurance Provider (AIP) licensed

to sell crop insurance policies in the States of Michigan, Minnesota and North Dakota, and who sold DBRE policies in 2015.

83.    Defendant CGB Diversified Services, Inc. is a resident of Illinois, where its headquarters are located and is an approved Insurance Provider (AIP) licensed to sell crop insurance policies in the States of Michigan, Minnesota and North Dakota, and who sold DBRE policies in 2015.

84.    Defendant Everest Reinsurance Company is a resident of Delaware, where its headquarters are located and is an approved Insurance Provider (AIP) licensed to sell crop insurance policies in the State of Minnesota and North Dakota, and who sold DBRE policies in 2015.

85.    Defendant Farmers Mutual Hail Insurance Company of Iowa is a resident of Iowa, where its headquarters are located and is an approved Insurance Provider (AIP) licensed to sell crop insurance policies in the States of Michigan, Minnesota and North Dakota, and who sold DBRE policies in 2015.

86.    Defendant Great American Insurance Company is a resident of Ohio, where its headquarters are located and is an approved Insurance Provider (AIP) licensed to sell crop insurance policies in the States of Michigan, Minnesota and North Dakota, and who sold DBRE policies in 2015.

87.    Defendant Hudson Insurance Company is a resident of New York, where its headquarters are located and is an approved Insurance Provider (AIP) licensed to sell crop insurance policies in the States of Michigan, Minnesota and North Dakota, and who sold DBRE policies in 2015.

88. Defendant John Deere Insurance Company is a resident of Iowa, where its headquarters are located and is an approved Insurance Provider (AIP) licensed to sell crop insurance policies in the States of Michigan, Minnesota and North Dakota, and who sold DBRE policies in 2015.

89. Defendant NAU Country Insurance Company is a resident of Minnesota, where its headquarters are located and is an approved Insurance Provider (AIP) licensed to sell crop insurance policies in the States of Michigan, Minnesota and North Dakota, and who sold DBRE policies in 2015.

90. Defendant Occidental Fire & Casualty Company of North Carolina is a resident of North Carolina, where its headquarters are located and is an approved Insurance Provider (AIP) licensed to sell crop insurance policies in the State of Minnesota and North Dakota, and who sold DBRE policies in 2015.

91. Defendant Producers Agriculture Insurance Company is a resident of Texas, where its headquarters are located and is an approved Insurance Provider (AIP) licensed to sell crop insurance policies in the States of Michigan, Minnesota and North Dakota, and who sold DBRE policies in 2015.

92. Defendant Rural Community Insurance Company D/B/A RCIS is a resident of Minnesota, where its headquarters are located and is an approved Insurance Provider (AIP) licensed to sell crop insurance policies in the States of Michigan, Minnesota and North Dakota, and who sold DBRE policies in 2015.

93. Defendant Starr Indemnity & Liability Company, Inc. is a resident of New York, where its headquarters are located and is an approved Insurance Provider (AIP)

licensed to sell crop insurance policies in the States of Michigan, Minnesota and North Dakota, and who sold DBRE policies in 2015.

94.     Defendant Technology Insurance Company, Inc. is a resident of New York, where its headquarters are located and is an approved Insurance Provider (AIP) licensed to sell crop insurance policies in the State of Michigan, and who sold DBRE policies in 2015.

95.     Amtrust Insurance Company of Kansas, Inc. is a resident of Kansas, where its headquarters are located and is an approved Insurance Provider (AIP) licensed to sell crop insurance policies in the State of Michigan, Minnesota and North Dakota, and who sold DBRE policies in 2015.

## JURISDICTION AND VENUE

96.     Plaintiffs' cause of action arises from the administrative determinations that relate to the establishment of a harvest price under the DBRE and include the FCIC approval of the DBRE in 2012, the FCIC approval of the expansion of the DBRE to Michigan in 2013, the December 15, 2015 RMA interpretation of the 2015 Dry Bean Revenue Endorsement ("DBRE"), and the March 8, 2016 RMA interpretation of the 2015 DBRE.

97.     Plaintiffs' administrative remedies were fully exhausted as of June 6, 2016, when Defendant USDA's National Appeals Division, by and through its Deputy Director, James T. Murray, determined that the interpretations made by Defendant FCIC and Defendant RMA were matters of general applicability and, therefore, were not subject to further administrative review within USDA's National Appeals Division pursuant to 7 C.F.R. §768(g), 7 C.F.R. §400.96, and 7 C.F.R. §11.6(a).

17

98.    This Court has jurisdiction over the subject matter of this action by virtue of 5 U.S.C. §701 et seq., 7 U.S.C. §6999, 28 U.S.C. §1331, and 28 U.S.C. §2001. Sovereign immunity has been waived by 5 U.S.C. §702 and by 7 U.S.C. §6999.

99.    Venue is proper in this district court pursuant to the terms of the applicable crop insurance policy, including the DBRE, the Common Crop Insurance Policy, and the Dry Bean Crop Provisions; 28 U.S.C. §1391(e); and 7 U.S.C. §1506(d).

## FACTS

100.    Revenue protection crop insurance protects farmers against a decline in market price.  It has been offered for many years for crops traded on national markets such as corn, soybeans, and wheat.

101.    In 2012, the FCIC Board of Directors approved a revenue protection insurance pilot program for dry pea and dry bean crops in Minnesota and North Dakota, that became effective in 2013.

102.    This pilot program was developed by Watts and Associates, a privately owned economic consulting firm located in Billings, Montana, pursuant to 7 U.S.C. §1508(h).

103.    In 2013, an expansion of the pilot program was approved by the FCIC to include dry bean farmers in Michigan, effective in 2014.

104.    According to the FCIC, in 2015, Michigan dry bean farmers purchased 1,286 DBRE policies, covering 151,464 acres.  Of those, plaintiffs estimate that 71,600 acres had navy (pea) beans or small red beans growing on them.

105.    According to the FCIC, in 2015, Minnesota dry bean farmers purchased 996 DBRE policies, covering 100,732 acres.

18

106.   According to the FCIC, in 2015, North Dakota dry bean farmers purchased 5,596 DBRE policies, covering 521,974 acres.

107.   The DBRE (Exhibit A, ¶ 7) provides for "Price Discovery," and specifies that the RMA will set a "projected price" for each type of insured bean "no later than the third business day of March."  The Complete Crop Insurance Policy includes the DBRE (Exhibit A), the Common Crop Insurance Policy (Exhibit B), and the Dry Bean Crop Provisions (Exhibit C).

108.   The DBRE (Exhibit A, ¶ 7) also provides that the RMA will set a "harvest price" for each type of insured bean "not later than December 15 of the crop year."

109.   The difference between the "projected price" and the "harvest price" is used to calculate the amount of indemnity owed to insured farmers under the DBRE in the event of a market price decline.  See Exhibit A, ¶ 5.

110.   Paragraphs 2 and 7 of the DBRE (Exhibit A) specify that the "harvest price" is determined by the "market price," which in turn is determined by reference to the "Bean Market News."

111.   The Bean Market News is a publication of the Agriculture Marketing Service (AMS), an agency of the USDA.

112.   Paragraph 7(e)(2)(C) of the DBRE (Exhibit A) provides that "A harvest price will not be established if there is a market price for fewer than 50% of the dates of publication [of the Bean Market News] included in the period defined in 2(A)."  That period begins on "the first business day in September" and ends on the "last business day of November."  The Bean Market News is published weekly.

113.   On March 3, 2015, the RMA set a projected price for navy and small red beans in Michigan and for dark red kidney beans in Minnesota and North Dakota.

114.   During 2015, Defendant insurers sold DBRE insurance coverage to Plaintiffs, which provided revenue protection for navy and small red beans in Michigan and dark red kidney beans in Minnesota and North Dakota.  Plaintiffs paid an additional premium for optional DBRE coverage, over and above the premium paid for basic crop insurance.

115.   In 2015, the Bean Market News did not publish market prices for navy and small red beans in Michigan or for dark red kidney beans in Minnesota and North Dakota for 50% or more of the publishing dates between September and November.

116.   Just once, in 2011, during the eight years before 2015 (2007-2014), did the Bean Market News publish the specified number of market prices during the specified period for all three bean varieties (navy and small red in Michigan and dark red kidney in Minnesota/North Dakota).  Therefore, it was not just foreseeable, but very likely, that the Bean Market News would not publish the specified number of market prices during the specified period in 2015.

117.   The DBRE, (Exhibit A, ¶ 7(d)), provides that: "Section 7(e)(3) applies in the case that either a projected price or a harvest price cannot be determined in the manner described in the following provisions."

118.   Section 7(e)(3) of the DBRE (Exhibit A) addresses the procedure to be followed "[i]f a **projected price** for any of these types cannot be determined as described herein," but it does not address the procedure to be followed if a **harvest price** cannot be determined as described.  Emphasis added.

119.   The DBRE (Exhibit A) at paragraph 3(c) states in part: "In lieu of section 3(c)(5) of the Basic Provisions:

\*        \*        \*

(2)    If the harvest price cannot be calculated for the crop year for a type for which a projected price was determined in accordance with section 7 of this endorsement, the harvest price will be equal to the projected price."

120.   The Common Crop Insurance Policy (Exhibit B), of which the DBRE is "attached to and made part of" states at ¶ 3(c)(5)(ii) that "[i]f the . . . harvest price cannot be calculated for the current crop year under the provisions [of the policy],"

\*        \*        \*

(A)    Revenue protection will continue to be available; and

(B)    The harvest price will be determined and announced by FCIC.

121.   The Dry Bean Revenue Insurance Standards Handbook (Exhibit D) provides, at Part 2, Responsibilities, ¶N, in the event of an "Inability to Determine a Harvest Price but a Projected Price was Established as Defined. . . . RMA will establish the harvest price."

122.   7 U.S.C. §1508(c)(5) provides in part that " . . . the Corporation shall establish . . . the price level ( . . . "expected market price") of each agricultural commodity for which insurance is offered", that "the expected market price of an agricultural commodity (i) may be based on the actual market price of the agricultural commodity at the time of harvest, as determined by the Corporation," and that "(ii) in the case of revenue . . . plans of insurance, may be the actual market price of the agricultural commodity as determined by the Corporation."

21

123.   Actual market prices for navy and small red beans in Michigan and for dark red kidney beans in Minnesota and North Dakota during September through November of 2015 were contemporaneously available and are available now from the grain elevator processors who bought the subject insured beans from the Plaintiff farmers.  These actual market prices show a great decline from the projected prices for the subject beans.

124.   That on December 15, 2015 the RMA set the harvest prices for navy and small red beans in Michigan and for dark red kidney beans in Minnesota and North Dakota at an amount equal to the projected prices, an act that was contrary to law, contrary to the intent and purpose of the DBRE, which negated the revenue protection insurance coverage provided by the DBRE, which deprived Plaintiffs of the DBRE indemnity to which they are entitled, and which was grossly and palpably unfair.

125.   Despite the act of the RMA negating the revenue protection afforded by the DBRE, Defendant insurers have retained the additional premium paid by Plaintiffs for DBRE coverage.

126.   On February 16, 2016, Gregory Ackerman, acting as the chair of the Michigan Bean Commission, and on behalf of all Plaintiffs, together with Carl Bednarski, President of the Michigan Farm Bureau, sent a request to the FCIC's Board of Directors requesting that the harvest price be recalculated so that it reflected the actual market price.  Exhibit E, letter of February 16, 2016.

127.   On March 8, 2016, the chairman of the FCIC, Dr. Robert Johansson, denied Mr. Ackerman's request.  Exhibit F, letter of March 8, 2016.

128.   On April 13, 2016 Mr. Ackerman requested a determination from the RMA and the National Appeals Division (NAD) of the USDA that the March 8, 2016 letter of Dr.

Johansson constituted a "determination made by FCIC that is a matter of general applicability [that] is not subject to administrative review," in accordance with the requirements of Section 20(k) of the basic provisions, (Exhibit B) and pursuant to 7 C.F.R. 400.91(e), *inter alia.*

129.   On April 28, 2016, the RMA, through its deputy administrator for insurance services, Robert Ibarra, "decline[d] to render a determination of general applicability . . . because the RMA has not made any determinations in regard to your client's policy." Exhibit G.

130.   On June 6, 2016, the NAD, by its deputy director, James T. Murray, issued a decision that the FCIC determination was a matter of general applicability and thus not appealable within the NAD.   This decision was a final administrative determination. Exhibit H.

## COUNT I

131.   Plaintiffs hereby repeat and incorporate each and every allegation contained in the prior paragraphs as if fully set forth herein.

132.   The applicable insurance policy (including the DBRE (Exhibit A), the Common Crop Insurance Policy (Exhibit B), and the Dry Bean Crop Provisions (Exhibit C)); the Dry Bean Revenue Insurance Standards Handbook (Exhibit D); 7 U.S.C. §1508; the common law of Michigan, Minnesota and North Dakota; and basic principles of equity, all dictate that the harvest price be calculated by the RMA based on actual market prices.

133.   That the administrative determinations of the FCIC and RMA of December 15, 2015 and March 8, 2016 interpreting the DBRE to require the harvest price to be set equal to the projected price, and thereby negate revenue protection insurance coverage,

were arbitrary, capricious, an abuse of discretion, not in accordance with law; were contrary to constitutional right, power, privilege, or immunity; were contrary to statutes and other law; were without observance of procedure required by law; and were unwarranted by the facts.

WHEREFORE, Plaintiffs request the Court to declare the administrative determinations of the FCIC and RMA of December 15, 2015 and March 8, 2016 to be contrary to law, to order (enjoin) the RMA to set the harvest price at an amount based upon actual market prices, and to order (enjoin) Defendant insurance carriers to pay to Plaintiffs the indemnity owed as a result.

<u>COUNT II</u>

134.   Plaintiffs hereby repeat and incorporate each and every allegation contained in the prior paragraphs as if fully set forth herein.

135.   That the DBRE lacks an essential contract provision such that the purpose of the contract and the intent of the parties are subverted by its absence.  To wit, the DBRE omits the procedure to be followed "in the case that . . . a harvest price cannot be determined in the manner described [in the DBRE].  DBRE ¶ 7(d).  The parties to the contract intended that the harvest price be set by the RMA based on actual market prices in the event that the harvest price could not be determined in the manner described in the DBRE.

136.   That the essential contract provision was absent from the DBRE at the time that the DBRE was approved by the FCIC and RMA in 2012 and 2013.

137.   That the administrative determinations of the FCIC and RMA approving the DBRE without this essential contract provision were arbitrary, capricious, an abuse of

discretion, and not in accordance with law; were contrary to constitutional right, power, privilege, or immunity; were contrary to statutes and other law; were without observance of procedure required by law; and were unwarranted by the facts.

WHEREFORE, Plaintiffs request the Court to declare the 2012 and 2013 administrative determinations of the FCIC and RMA approving the DBRE in the absence of the essential contract provision to be contrary to law and a mutual mistake; to declare that the Court will reform the contract by supplying the essential contract provision and ordering (enjoining) the FCIC and RMA to set the harvest price at an amount based on actual market prices; and to order the Defendant insurance carriers to pay to Plaintiffs the indemnity owed as a result.

## COUNT III

138.    Plaintiffs hereby repeat and incorporate each and every allegation contained in the prior paragraphs as if fully set forth herein.

139.    In the alternative, if the Court does not grant the relief requested in Counts I and II of Plaintiffs' complaint, Plaintiff asks the Court to declare that the DBRE, as approved by the FCIC and RMA, was fundamentally flawed and did not actually provide the promised insurance coverage, but instead provided only the illusion of insurance coverage; was tantamount to a fraud; results in a failure of consideration and mutual mistake of the contracting parties, and was, therefore, arbitrary, capricious, an abuse of discretion, and not in accordance with law; was contrary to constitutional right, power, privilege, and immunity; was contrary to statutes and other law; was without observance of procedure required by law; and was unwarranted by the facts.

WHEREFORE, and in the alternative, Plaintiffs ask the Court to declare that the DBRE is fundamentally flawed such that promised insurance coverage was not provided, to order rescission of the DBRE and to order (enjoin) Defendant insurance carriers to reimburse to Plaintiffs the premium paid for DBRE coverage.

JOHN D. TALLMAN, PLC
Attorneys for Plaintiffs

Dated: June 5, 2017

BY: John D. Tallman (P32312)
jtallmanlaw@gmail.com

BUSINESS ADDRESS & TELEPHONE:
4020 East Beltline Avenue N.E. – Suite 101
Grand Rapids, MI 49525
(616) 361-8850