UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GREGORY ACKERMAN, et al,

    Plaintiffs,                Case No. 17-cv-11779

v.                                    Honorable Thomas L. Ludington

UNITED STATES DEPARTMENT OF
AGRICULTURE, et al

    Defendant.

_____/

**ORDER GRANTING IN PART MOTION FOR RECONSIDERATION AND REINSTATING, SEVERING, AND TRANSFERRING CERTAIN PLAINTIFFS' CLAIMS AGAINST FEDERAL DEFENDANTS TO THE DISTRICT OF MINNESOTA**

On June 5, 2017, a group of farmers and incorporated farms filed suit against a number of insurance companies, the United States Department of Agriculture, the Risk Management Agency, and the Federal Crop Insurance Corporation. ECF No. 1. The Plaintiffs are dry bean farmers in Michigan, Minnesota, and North Dakota who have not received indemnity for crop insurance to which they believe they are entitled. On November 22, 2017, the Federal Defendants and Insurance Defendants both filed motion to dismiss. ECF No. 51, 52. On March 8, 2018, Plaintiffs filed a motion for leave to file a second amended complaint which corrects the names of certain Plaintiffs. ECF No. 64. On April 18, 2018, the Court issued an order granting the motions to dismiss and also granting the motion for leave to file an amended complaint. ECF No. 70. In that order, the Court dismissed without prejudice all Plaintiffs who do not farm or reside in the Eastern District of Michigan. The Court also dismissed all Insurance Defendants after concluding that the Plaintiffs had failed to comply with the contractual requirements for bringing suit found within the insurance policies.

On May 2, 2018, Plaintiffs filed a motion for reconsideration. ECF No. 74. In the motion, Plaintiffs argue that the plaintiffs from outside the Eastern District of Michigan should have been transferred to the proper venue instead of dismissed. They also argue that the claims against the Insurance Defendants should not have been dismissed because the Insurance Defendants never refused to provide indemnification (which would have triggered the mandatory arbitration provisions of the policies) and because Plaintiffs' claim for contractual damages from the Insurers can be advanced without first receiving a determination of noncompliance with the policy from the FCIC or undergoing arbitration. For the following reasons, the motion for reconsideration will be granted in part.

## I.

The relevant allegations were summarized in the Court's April 18, 2018, opinion and order. ECF No. 70. That summary will be adopted in full here. The following paragraph from that prior opinion provides a basic introduction to the case:

> Plaintiffs are bringing this putative class action "on behalf of all dry bean farmers in Michigan (navy [pea] beans and small red beans), Minnesota (dark red kidney beans), and North Dakota (dark red kidney beans)." Am Compl. at 2, ECF No. 50. Each Plaintiff purchased Dry Bean Revenue Endorsement ("DRBE") crop insurance for their dry bean crops in 2015. *Id.* "The purpose of this insurance was to protect dry bean farmers against a market price decline." *Id.* However, even though "dry bean market prices declined greatly in 2015, no indemnity was paid to Plaintiffs." *Id.* In the present suit, Plaintiffs seek a declaratory judgment invalidating certain administrative determinations related to the DBRE, reforming or invaliding the insurance contracts, and ordering Defendants to pay indemnity to Plaintiffs.

April 18, 2018, Op. & Order at 2, ECF No. 70.

## II.

Plaintiffs have filed a motion for reconsideration. Pursuant to Eastern District of Michigan Local Rule 7.1(h), a party can file a motion for reconsideration of a previous order, but must do so

within fourteen days. A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). *See also Bowens v. Terris*, No. 2:15-CV-10203, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015).

### III.

Plaintiffs raise two arguments in their motion for reconsideration. First, they argue that the Court should have transferred the Minnesota Plaintiffs to the District of Minnesota instead of dismissing them without prejudice for lack of venue. Second, Plaintiffs argue that the Court should not have dismissed the Insurance Defendants. Neither argument identifies a palpable defect in the Court's prior order. Nevertheless, in the interests of justice, the Court will reinstate the claims of the Minnesota Plaintiffs against the Federal Defendants and transfer them to the District of Minnesota. Plaintiffs' present arguments simply demonstrate exactly why their claims against the Insurance Defendants must be dismissed, and so no relief is warranted in that respect.

### A.

In the April 18, 2018, opinion and order, the Court concluded that 7 U.S.C. § 1506(d), part of the Federal Crop Insurance Act, identifies limitations on venue for claims brought against the FCIC. *See* April 18, 2018, Op. & Order at 17–19. That provision specifies that "[a]ny suit against the Corporation shall be brought in the District of Columbia, or in the district wherein the plaintiff

resides or is engaged in business." § 1506(d). Based on that language (and related precedent), the Court dismissed without prejudice all Plaintiffs who did not specifically allege that they farmed in the Eastern District of Michigan.

Plaintiffs argue that the Court should have transferred the Plaintiffs from Minnesota to the District of Minnesota instead of dismissing them. Plaintiffs argue that transfer is typically preferable to dismissal, especially when dismissal might prejudice the plaintiff. And Plaintiffs indicate that, if forced to file anew in the District of Minnesota, their claims against the FCIC might be barred by the six year statute of limitations under the Administrative Procedure Act. *See* 28 U.S.C. § 2401. Plaintiffs rely upon 28 U.S.C. § 1406(a), which specifies that if a district court determines that venue is lacking in a case, it "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Although the Insurance Defendants argued that venue was improper at the pleading stage, the Plaintiffs did not cite § 1406(a) or seek transfer to a proper district. Rather, they argued (incorrectly) that venue was proper in the district of the named class representative (even though class certification has not been sought, much less granted).

Now, Plaintiffs argue for the first time that the improperly joined Plaintiffs should be transferred to a proper venue. Section 1406(a) is manifestly discretionary, and so there was no error in declining to *sua sponte* transfer several named Plaintiffs to another district (especially when proper venue existed in two districts, and Plaintiffs had provided no indication of where they wished to litigate their claims). Nevertheless, because Plaintiffs have now expressly requested transfer and have identified potential prejudice which might result from dismissal, their request will be granted. Plaintiffs Rich Elbert, Jeff A. Kosek, and Reichmann Land & Cattle LLP will be reinstated, and those Plaintiffs will be transferred to the District of Minnesota.

**B.**

Next, Plaintiffs argue that the Court should not have dismissed the Insurance Defendants. A brief review of the Court's prior analysis will be helpful. The Insurance Defendants argued that that they should be dismissed pursuant to Section 20 of the Basic Provisions of the crop insurance policies which Plaintiffs entered into with them. In accepting that argument, the Court relied upon the language of the Basic Provisions.

> Section 20(a) provides:
>
> If you and we fail to agree on any determination made by us except those specified in section 20(d) or (e), the disagreement may be resolved through mediation in accordance with section 20(g). If resolution cannot be reached through mediation, or you and we do not agree to mediation, the disagreement must be resolved through arbitration in accordance with the rules of the American Arbitration Association (AAA), except as provided in section 20(c) and (f), and unless rules are established by the FCIC for this purpose.

ECF NO. 49, Ex. B.

> Section 20(a)(1) provides further guidance:
>
> All disputes involving determinations made by us, . . . are subject to mediation or arbitration. However, if the dispute in any way involves a policy or procedure interpretation, regarding whether a specific policy provision or procedure is applicable to the situation, how it is applicable, or the meaning of any policy provision or procedure, either you or we must obtain an interpretation from the FCIC in accordance with 7 CFR part 400, subpart X or such other procedures as established by the FCIC. (i) Any interpretation by FCIC will be binding in any mediation or arbitration. (ii) Failure to obtain any required interpretation from FCIC will result in the nullification of any agreement or award. (iii) An interpretation by FCIC of a policy provision is considered a determination that is a matter of general applicability. (iv) An interpretation by FCIC of a procedure may be appealed to the National Appeals Division in accordance with 7 CFR part 11.

*Id.*

> Section 20(b) sets forth the timeline for arbitration and judicial review. Pursuant to § 20(b)(1), the "initiation of arbitration proceedings must occur within one year of the date we denied your claim or rendered the determination with which you disagree, whichever is later." If the farmer fails "to initiate arbitration in

accordance with section 20(b)(1) and complete the process, [the farmer] will not be able to resolve the dispute through judicial review." Id. at § 20(b)(2).

April 18, 2018, Op. & Order at 22–23.

And, Pursuant to § 20(k),

Any determination made by FCIC that is a matter of general applicability is not subject to administrative review under 7 CFR part 400, subpart J or appeal under 7 CFR part 11. If you want to seek judicial review of any FCIC determination that is a matter of general applicability, you must request a determination of nonappealability from the Director of the National Appeals Division in accordance with 7 CFR 11.6 before seeking judicial review.

*Id.*

The Court explained the interrelationship of these provisions as they relate to the present case as follows:

> . . . Plaintiffs correctly argue that they are challenging a determination on a matter of general applicability by the FCIC. That challenge forms the basis for their Administrative Procedures Act claims against the Federal Defendants. And, pursuant to § 20(k), Plaintiffs can seek judicial review of that determination after obtaining a "determination of non-appealability." *Id.* Plaintiffs do not need to seek arbitration on that claim. In fact, because the Federal Defendants were not parties to the insurance contracts, the arbitration agreement is not enforceable by or against the Federal Defendants. *See Olsen v. U.S. ex rel. U.S. Dep't of Agric.*, 546 F. Supp. 2d 1122, 1126 (E.D. Wash. 2008) ("[T]he Court finds that the FCIC was a party to neither the Policies nor the arbitration agreements they contain."). *See also Olsen v. U.S. ex rel. Fed. Crop Ins. Corp.*, 334 F. App'x 834, 835 (9th Cir. 2009) ("[T]he FCIC was not a party to the contract containing the arbitration clause, and because the arbitration provision makes clear that disagreements with the FCIC must be resolved through the administrative appeals process.").
>
> However, the fact that Plaintiffs are challenging a FCIC determination on a matter of general applicability does not relieve Plaintiffs of the arbitration agreement as to their claims against the Insurers. A review of § 20(a) and (b) makes this distinction clear. Section 20(a)(1) specifies that "if the dispute in any way involves a policy or procedure interpretation, . . . either you or we must obtain an interpretation from FCIC." The same section indicates that "[a]n interpretation by FCIC of a policy provision is considered a determination that is a matter of general applicability." *Id.* at § 20(a)(1)(iii). Considered in context, these sections make clear that even if the dispute between a farmer and insurer "in any way involves" a matter of general applicability, the farmer must nevertheless arbitrate that dispute with the insurer.

> Here, and as explained above, Plaintiffs are advancing two separate but related theories of harm. First, they argue that the Federal Defendants violated the APA when they calculated the harvest price as identical to the projected price. Second, they argue that the Insurance Defendants violated the insurance agreements when, in reliance on the FCIC's harvest price determination, they refused to provide indemnification for the revenue losses Plaintiffs sustained in 2015. Accordingly, Plaintiffs' argument that "Defendant insurers have not made any determination" is inaccurate. Plaintiffs are suing the Insurers for their refusal to indemnify them. Admittedly, that dispute "involves a policy or procedure interpretation," but § 20(a)(1) is clear that arbitration is mandatory even in that situation. *See Bottoms Farm P'ship v. United States Dep't of Agric.*, No. 4:15-CV-1073-SPM, 2017 WL 1105124, at *12 (E.D. Mo. Mar. 24, 2017) (explaining that § 20(a)(1) "contains no qualifying language to suggest that the obligation to obtain an interpretation from FCIC, or the binding nature of that interpretation, is limited to situations in which FCIC has issued any particular type of procedures for issuing the interpretation").
>
> Plaintiffs admit that they have not arbitrated their claims against the Insurance Defendants. Indeed, because Plaintiffs' claims and requested relief as to the Insurance Defendants requires success on their claims against the Federal Defendants, any request for arbitration would be premature. As the Insurers note, more than a year has passed since the Insurers denied Plaintiffs' claims for indemnity. Pursuant to § 20(b)(1), then, Plaintiffs have missed the opportunity to seek arbitration, unless they can identify some other "determination with which [Plaintiffs] disagree" within the past year. If Plaintiffs prevail upon their claims against the Federal Defendants and the Insurance Defendants nevertheless refuse to indemnify Plaintiffs, perhaps that refusal would constitute a "determination" under § 20(b)(1) sufficient to trigger a new one year period of limitations. That issue has not been briefed and is unripe. For that reason, the Court declines to opine on whether Plaintiffs would be barred from arbitration and thus judicial review pursuant to § 20(b)(1) and (2).
>
> . . .
>
> In this case, dismissal without prejudice is the best option. As explained above, *any claims which Plaintiffs may have against the Insurance Defendants are either untimely (because no arbitration was sought within the year after indemnity was denied) or unripe (because Plaintiffs must first establish that the Federal Defendants improperly calculated the harvest price for 2015).*

April 18, 2018, Op. & Order at 23–25 (emphasis added).

Now, Plaintiffs repackage arguments which were previously rejected. Specifically, Plaintiffs argue, once again, that the Insurance Defendants never made any "determinations" which would trigger the arbitration agreement:

> Plaintiffs could not make claims for revenue loss because the contested actions of the Federal Defendants completely precluded Plaintiffs from filing claims; therefore, no action was required (or taken) by the Insurer Defendants. To reiterate, because Plaintiffs did not make claims, Insurer Defendants could not have possibly made any determination (claim denial) regarding those non-existent claims. . . . When the RMA breached its duty to set the harvest price based on the actual market price, and instead set the harvest price equal to the projected price, Plaintiffs were left without a remedy; that is, under the terms of the policy, there was no insurable loss. *No action by the Insurer Defendants was required or could have been taken.*

Mot. Recon. at 6–7, ECF No. 74 (emphasis added).

Despite the assertion that the Insurance Defendants made no determination which would be subject to arbitration, Plaintiffs admit that they did make an "arbitration demand[]" on each of the Insurer Defendants." *Id.* at 8 (citing Ex. C.).[1]

Plaintiffs thus contradict themselves. On the one hand, they contend that no arbitration demand was required because no determination was made by the Insurance Defendants. On the other hand, Plaintiffs argue that their claims against the Insurance Defendants are not barred because they unsuccessfully sought arbitration.

And, in the next breath, Plaintiffs admit that any claims they may have against the Insurance Defendants require success against the Federal Defendants. *See id.* at 6 ("When the RMA breached its duty to set the harvest price based on the actual market price, and instead set the harvest price equal to the projected price, Plaintiffs were left without a remedy; that is, under

---

[1] This assertion is new. Even assuming that these arbitration demands were sufficient (which is a matter of dispute between the parties), the fact that Plaintiffs sought arbitration does not change the outcome. As Plaintiffs have repeatedly recognized in their briefing, they currently have no claim against the Insurance Defendants because those Defendants are required to comply with FCIC determinations regarding harvest price. Plaintiffs do not and have never argued that they should have been indemnified by the Insurers notwithstanding the FCIC's harvest price determination. Rather, they contend that once Plaintiffs invalidate the FCIC's harvest price determination, indemnity from the Insurance Defendants will be required. Plaintiffs have not alleged a ripe claim against the Insurance Defendants.

the terms of the policy, there was no insurable loss.); at 7–8 ("Plaintiffs agree that any request for arbitration would be premature (as well as not permitted by the contract), however Plaintiffs did not in fact miss the opportunity to seek arbitration."); at 10 ("[T]his lawsuit involves judicial review of a determination by the FCIC, and not judicial review of a determination by an Insurer following arbitration.").

In other words, Plaintiffs admit that they currently have no claim against the Insurance Defendants. In fact, in the following passage from the motion for reconsideration, Plaintiffs essentially admit this fact:

> Here, because the 45-day period for making revenue claims after the release of the "harvest price" on December 15, 2015 expired long ago, guidance in the form of court orders will be required to establish the claim process in the event that Plaintiff prevails. Ensuring an orderly process for identifying all claimants, identifying all responsible insurance carriers, and making and paying timely claims should be a part of any such order. Without such a court order, it is difficult to comprehend how the just and orderly payment of claims would be achieved in the event Plaintiffs prevail.

Mot. Recon. at 13.

As the Court explained in the April 18, 2018, opinion and order, Plaintiffs' claims against the Insurance Defendants—to the extent Plaintiffs must first establish that the Federal Defendants improperly calculated the harvest price for 2015—are unripe. *See* April 18, 2018, Op. & Order at 26. Assuming that Plaintiffs prevail on their claims against the Federal Defendants, Plaintiffs will, *for the first time*, have a cognizable claim for indemnity against the Insurance Defendants. If the Insurance Defendants refuse indemnity, that decision would constitute a "determination," thus triggering mandatory arbitration under § 20(a)(1). The Plaintiffs would then have a year to arbitrate, after which they could seek judicial review. This procedure is clearly outlined in the Basic Provisions. Thus, contrary to Plaintiffs' assertion, the insurance contracts at issue already specify the process for the "just and orderly payment of claims." Mot. Recon. at 13.

Plaintiffs express concern that any request for indemnification from the Insurance Defendants will be summarily denied because such claims must typically be made within 45 days after the harvest price is released. As explained in the prior order, this "issue has not been briefed and is unripe." April 18, 2018, Op. & Order at 24. In effect, Plaintiffs wish to litigate the merits of the indemnity claim before it ever arises. But federal courts "have no power to offer an advisory opinion, based on hypothetical facts." *Commodities Exp. Co. v. Detroit Int'l Bridge Co.*, 695 F.3d 518, 525 (6th Cir. 2012). *If* the Plaintiffs prevail against the Federal Defendants, and *if* the Insurance Defendants nevertheless refuse to indemnify Plaintiffs, and *if* Plaintiffs do not prevail at arbitration, then the question of Plaintiffs' entitlement to indemnity will be properly framed for judicial review. At the present time, it is not.

Plaintiffs have not identified any palpable error in the Court's prior opinion, and so the Insurance Defendants will not be reinstated.[2]

### IV.

Accordingly, it is **ORDERED** that Plaintiffs' motion for reconsideration, ECF No. 74, is **GRANTED in part.**

It is further **ORDERED** that Plaintiffs Rich Elbert, Jeff A. Kosek, and Reichmann Land & Cattle LLP are **REINSTATED.**

It is further **ORDERED** that Plaintiffs Rich Elbert, Jeff A. Kosek, and Reichmann Land &

---

[2] Plaintiffs also argue that the Court erred in stating that the claims for damages against the Insurance Defendants would also be barred pursuant to § 20(i) of the Basic Provisions. Plaintiffs argue that, despite the plain language of the provision in question, it applies only to extra-contractual damages. Because this was merely an alternative basis for dismissal, this issue has no impact on the ultimate question of whether the Court erred in dismissing the Insurance Defendants. It will not be addressed.

Cattle LLP and their claims against the Federal Defendants are **SEVERED AND TRANSFERRED** to the **District of Minnesota.**

Dated: June 1, 2018					s/Thomas L. Ludington
							THOMAS L. LUDINGTON
							United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 1, 2018.

s/Kelly Winslow
KELLY WINSLOW, Case Manager