Case 1:17-cv-11779-TLL-PTM   ECF No. 111, PageID.17917   Filed 07/25/19   Page 1 of 10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN - NORTHERN DIVISION

| | |
|---|---|
| ACKERMAN & SON LLC; ACKERMAN BROTHERS FARMS, LLC; BACK ROAD FARMING, INC.; et al., | Case No:   1:17-cv-11779-TLL-PTM |
| Plaintiffs, | Hon. Thomas L. Ludington (presiding) Hon. Patricia T. Morris |
| v | |
| UNITED STATES DEPARTMENT OF AGRICULTURE, RISK MANAGEMENT AGENCY, et al., | |
| Defendants. | |

## PLAINTIFFS' MOTION FOR RECONSIDERATION

Plaintiffs, by their attorney, John D. Tallman, for their Motion for Reconsideration, hereby rely on their brief in Support.

JOHN D. TALLMAN, PLC
Attorneys for Plaintiff

/s/  John D. Tallman
Dated:  July 25, 2019          BY:_____
John D. Tallman (P32312)

BUSINESS ADDRESS & TELEPHONE:
4020 East Beltline Avenue N.E. – Suite 101
Grand Rapids, MI  49525
(616) 361-8850

1

2

## PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing document(s) was served upon the attorneys of record or parties appearing in pro per in the above cause by mailing the same to them at their respective address(es) via United States Mail with postage prepaid thereon, via hand delivery, or via electronic mail on the 25th day of July, 2019.

/s/ Georgia Gene Palmatier
_____
Georgia Gene Palmatier, Notary Public
Kent County acting in Kent County, Michigan
My Commission Expires: 09/26/18

2

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN - NORTHERN DIVISION

| | |
|---|---|
| ACKERMAN & SON LLC; ACKERMAN BROTHERS FARMS, LLC; BACK ROAD FARMING, INC.; et al., | Case No:   1:17-cv-11779-TLL-PTM |
| Plaintiffs, | Hon. Thomas L. Ludington (presiding) Hon. Patricia T. Morris |
| v | |
| UNITED STATES DEPARTMENT OF AGRICULTURE, RISK MANAGEMENT AGENCY, et al., | |
| Defendants. | |

## PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION

On July 12, 2019, the Court issued an order granting Federal Defendants' Motion for Summary Judgment, denying Plaintiffs' Motion for Summary Judgment, denying Plaintiffs' Motion for Class Certification, and dismissing Plaintiffs' Second Amended Complaint. Plaintiffs now respectfully request that the Court reconsider its rulings on the summary judgment motions.

The Court's order contains palpable defects the correction of which will result in a different disposition with respect to three issues: **First**, the Court did not address Plaintiffs' argument that the RMA failed to exercise its power and jurisdiction to provide relief when a crop insurance policy's fundamental flaw becomes manifest in the middle of a crop year. **Second**, the Court did not fully address Count I of the Second Amended Complaint as pled. **Third**, the Court did not address Plaintiffs' Count II, which contains

1

an alternative argument requesting that the premium paid by Plaintiffs be returned to them.

**Standard of Review**

"Generally, and without restricting the court's discretion, . . . ." a motion for reconsideration may be granted, when "[t]he movant . . . demonstrate[s] a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled [and] show[s] that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "To establish a 'palpable defect,' the moving party generally must point to (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *In re Collins & Aikman Corp.*, 417 B.R. 449, 454 (E.D. Mich. 2009) (quoting *Henderson v. Walled Lake Consolidated Schools*, 469 F.3d 479 (6th Cir. 2006). *Accord* Order Granting In Part Motion for Reconsideration and Reinstating, Severing, and Transferring Certain Plaintiffs' Claims Against Federal Defendants to the District of Minnesota, ECF No. 80, at *5-*6 (granting Plaintiffs' motion for reconsideration in part "in the interest of justice").

**1)** **The RMA failed to exercise its responsibility provide relief.**

The Court did not address Plaintiffs' argument that the RMA *does* have the power, jurisdiction, and responsibility to provide relief when a crop insurance policy's fundamental flaw becomes manifest in the middle of a crop year, pursuant to 7 U.S.C. § 6933. The Court quotes the statute and notes that Plaintiffs' argument would be supported by Defendant RMA's Manager's Bulletins; however, the Court then states that because the Manager's Bulletins were not part of the administrative record they would not be considered by the Court. ECF No. 109, at 16-17.

2

However, because the Manager's Bulletins were referenced by Plaintiffs to demonstrate points of law (legislative facts), and not points of fact (adjudicative facts), the Court should have taken judicial notice of them. See Fed R. Evid. 201(b). Plaintiffs assumed that the Court would take judicial notice of these documents as a matter of course.[1] Plaintiff notes that even if the Bulletins had addressed issues of adjudicative fact, the Court should have taken judicial notice of them and considered Plaintiffs' argument. Id.

The Manager's Bulletins simply are not adjudicative fact evidence of the type that could properly be the subject of a motion to supplement the administrative record. Plaintiffs first discussed these bulletins in response to Federal Defendants' arguments in their Motion to Partially Dismiss Complaint. See ECF No. 59. Plaintiffs again raised the Bulletins in their Response to Federal Defendants' Motion for Summary Judgment, after Defendants claimed that their "hands were tied" by the language of the DBRE. See ECF No. 102.

Under Fed. R. Evid. 201(b), a court "may judicially notice a fact that is not subject to reasonable dispute because" either the fact "is generally known within the trial court's territorial jurisdiction" or the fact "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Rule 201 "governs judicial notice of an adjudicative fact only, not a legislative fact." Fed. R. Evid. 201(a).

For an in-depth discussion of adjudicative facts vs. legislative facts, see *Jarita Mesa Livestock Grazing Ass'n v. United States Forest Serv.*, 305 F.R.D. 256, 297-299 (D.N.M. 2015), *reconsideration granted on other grounds at* 2015 U.S. Dist. LEXIS

---

[1] In the alternative, Plaintiff asks the Court for leave to supplement the administrative record with the Manager's Bulletins.

3

116782 (D.N.M., Aug. 26, 2015). It is clear that the Manager's Bulletins comprise legislative facts, not adjudicative facts. As such, the Court should have taken judicial notice of the bulletins. See *Jarita Mesa* & Fed. R. Evid. 201, Advisory Committee Notes.

"Administrative regulations fall within the category of facts 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.' " *Toth v. Grand Trunk R.R.*, 306 F.3d 335, 349 (6th Cir. 2002) (citing *Int'l Bhd. of Teamsters v. Zantop Air Transp. Corp.*, 394 F.2d 36, 40 (6th Cir. 1968) ("[A] Court may take judicial notice of the rules, regulations and orders of administrative agencies issued pursuant to their delegated authority."). Even matters of law may be the proper subject of judicial notice under Fed. R. Evid. 201 in certain circumstances. "A legal rule may be a proper fact for judicial notice if it is offered to establish the factual context of the case, as opposed to stating the governing law." *Toth*, 306 F.3d at 349. *See also, e.g., Sierra Club v. United States Army Corps of Eng'rs*, 450 F. Supp. 2d 503, 507-508 (D.N.J. 2006), *vacated on other grounds at* 277 Fed. Appx. 170 (3d Cir. 2008) (taking judicial notice of documents under Fed. R. Evid. 201(b) because each was "a public or quasi-public document capable of accurate and ready determination," and "the authenticity of which [was] not at issue and the content of which [was] not in dispute . . . ."); *Cactus Corner, LLC v. U.S.D.A.*, 346 F. Supp. 2d 1075, 1096-1100 (E.D. Cal. 2004), *aff'd at* 450 F.3d 428 (9th Cir. 2006) (in APA judicial review, taking judicial notice of documents published by USDA).

As hinted at by the court in *Toth*, Fed. R. Evid. 201 does not apply to judicial notice of rules of law. However, judicial notice of rules of law is axiomatic. Just as the

4

Court considered cases and statutes in making its decisions without either party moving to supplement the administrative record with those documents, the Court may also consider other documents espousing rules of administrative law. For a thorough discussion of this concept, *see Getty Petroleum Mktg., Inc. v. Capital Terminal Co.*, 391 F.3d 312, 322-326 (1st Cir. 2004) (Lipez, J., concurring).

All the documents outside the administrative record referenced in the pleadings – case law, statutes, regulations, insurance policies, Final Agency Determinations, Manager's Bulletins – merely espouse or illustrate the uncontroverted rules that apply to Federal Defendants.

The Manager's Bulletins clearly indicate that the RMA is willing and able to modify or alter policy provisions and procedures when equity requires such action. This principle is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *Toth*, 306 F.3d at 349. Indeed, Federal Defendants have had multiple opportunities to question the rule evidenced by the Manager's Bulletins and FAD-259, and yet the only challenge that they have raised is that the bulletins are not part of the administrative record, and that they do not apply to the DBRE. ECF No. 101 at 15. Federal Defendants have never questioned the accuracy of the sources of those Manager's Bulletins, nor could they, given that Defendant RMA itself is that source.

The Manager's Bulletins are public documents, the source of which cannot reasonably be questioned. As such, regardless of whether the Court deems them to relate to law or to fact, the bulletins should have been subject to judicial notice. The fact that they do not appear in the administrative record is irrelevant.

Plaintiffs note that, if the Court grants Plaintiffs' motion for reconsideration, the Manager's Bulletins support Plaintiffs' position that 7 U.S.C. § 6933 gave the RMA the authority, jurisdiction, and responsibility to arrive at a fair and equitable result in 2015 – a result that would have preserved the insurance purposes of the contract.

### 2) The Court's opinion did not fully address Count I.

The Court's opinion only partially addressed Count I of the Second Amended Complaint. Defendants' actions violated subsections of the APA other than the one addressed by the Court. Plaintiffs' Complaint alleged that Defendant's actions were not only arbitrary and capricious, but also an abuse of discretion, not in accordance with the law, contrary to statutes and other law, without observance of procedure required by law, and unwarranted by the facts. ECF No. 72, 20-23 The Court's opinion only addressed whether Defendant's actions were arbitrary and capricious. Plaintiffs request that the Court reconsider its opinion and rule on each provision of the APA as pled.

A court must express some view on each controlling question properly raised. *See Mt. Clemens v. United States EPA*, 917 F.2d 908, 916 n.7 (6th Cir. 1990) (citing *Dandridge v. Williams*, 397 U.S. 471, 475 n.6; 25 L. Ed. 2d 491; 90 S. Ct. 1153 (1970) ("When attention has been focused on other issues, or when the court from which a case comes has expressed no views on a controlling question, it may be appropriate to remand the case rather than deal with the merits of that question in this Court.").

Plaintiffs maintain that were the Court to allow its opinion to stand as is, manifest injustice would result. Plaintiffs would be deprived of both their premium and the revenue coverage for which they paid. Equity cannot abide this grossly unfair result.

As stated by the Eight Circuit:

6

> One may have to turn "square corners" when dealing with a governmental entity, but this does not mean the government may operate so recklessly so as to put parties dealing with it entirely at its mercy. *A.W.G. Farms, Inc. v. Federal Crop Ins. Corp.,* 757 F.2d 720, 729 (8th Cir. 1985) (citing J. Holmes in *Rock Island, Ark. & La. R.R. v. United States,* 254 U.S. 141, 143; 65 L. Ed. 188; 41 S. Ct. 55 (1920)).

### 3) The Court did not address Count II.

The Court did not address Plaintiffs' Count II, which contains an alternative argument requesting that Plaintiffs' premium be returned.

Plaintiffs have challenged *three separate agency actions*: the 2015 harvest price decision (Count I), the 2012 approval of the DBRE (Count II), and the 2013 approval of the DBRE expansion into Michigan (also Count II). The Court only addressed the 2015 harvest price decision.

As the Court considers Count II, Plaintiffs would note the following in the Court's statement of the facts. The Court states that the FCIC Board approved the DBRE for expansion into Michigan only "[a]fter initial success." ECF No. 109 at 4. Although the Court cited Plaintiffs' Second Amended Complaint for this statement, it does not appear in that pleading. Plaintiffs address this misstatement out of concern that the Court may have misunderstood the facts. As noted in Plaintiffs' Response to Defendants' Motion for Summary Judgment, the FCIC Board voted in 2013 to expand the DBRE into Michigan *in spite of* the fact that the DBRE pilot program was still in the middle of its first year in Minnesota. Its success (or failure) was completely untested at that point. Moreover, the FCIC Board voted in 2013 to expand the program to Michigan **without ever having considered historical Dry Bean News data from Michigan**. If the Board had looked at Michigan's historical data, it would have been obvious that the DBRE was doomed to fail. Indeed, if the DBRE had been in place for the 2012 crop year, not a

7

single type of dry bean would have had a harvest price. The FCIC Board never considered this fact.

**Conclusion**

For all the reasons stated, Plaintiffs request that the Court reconsider its order of July 12, 2019 and grant the relief requested.

JOHN D. TALLMAN, PLC
Attorneys for Plaintiff

Dated: July 25, 2019

BY: /s/ John D. Tallman
John D. Tallman (P32312)

BUSINESS ADDRESS & TELEPHONE:
4020 East Beltline Avenue N.E. – Suite 101
Grand Rapids, MI 49525
(616) 361-8850

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing document(s) was served upon the attorneys of record or parties appearing in pro per in the above cause by mailing the same to them at their respective address(es) via United States Mail with postage prepaid thereon, via hand delivery, or via electronic mail on the 25th day of July, 2019.

/s/ Georgia Gene Palmatier

Georgia Gene Palmatier, Notary Public
Kent County acting in Kent County, Michigan
My Commission Expires: 09/26/18

8