# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: July 20, 2022

Mr. Christopher J. Doyle
Mr. Zak Toomey
Office of the U.S. Attorney
211 W. Fort Street
Suite 2001
Detroit, MI 48226

Mr. Mark Granzotto
2684 Eleven Mile Road
Suite 100
Berkley, MI 48072

Mr. John D. Tallman
4020 E. Beltline Avenue, N.E.
Suite 101
Grand Rapids, MI 49525

Re: Case No. 22-1056, *Gregory Ackerman, et al v. AGRI, et al*
Originating Case No.: 1:17-cv-11779

Dear Counsel,

The Court issued the enclosed Order today in this case. Judgment to follow.

Sincerely,

s/Antoinette Macon
Case Manager
Direct Dial No. 513-564-7015

cc: Ms. Kinikia D. Essix

Enclosure

No mandate to issue

No. 22-1056

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jul 20, 2022
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| GREGORY ACKERMAN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) O R D E R |
| and | ) |
| | ) |
| ACKERMAN BROTHERS FARMS, LLC, et al., | ) |
| | ) |
| Plaintiffs-Appellants, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| AGRICULTURE, et al., | ) |
| | ) |
| Defendants-Appellees. | ) |

Before: GUY, CLAY, and KETHLEDGE, Circuit Judges.

Certain Plaintiffs—farmers and farming concerns who purchased crop insurance—appeal from the district court's judgment remanding this case to the Federal Crop Insurance Corporation ("FCIC"). Defendants FCIC, the United States Department of Agriculture, and Risk Management Agency move to dismiss the appeal as from an unappealable, non-final order. Appellants respond in opposition, and Defendants reply.

We have jurisdiction over appeals from final judgments of the district courts under 28 U.S.C. § 1291. A decision is deemed final for purposes of an appeal under § 1291 "when it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617 (6th Cir. 2002) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)).

"In general, an order remanding for further administrative proceedings is not a final order which is immediately appealable." *Nat'l Air Traffic Controllers Ass'n v. Sec'y of Dep't of Transp.*, No. 06-3466, 2007 WL 2141941, at *2 (6th Cir. July 26, 2007) (per curiam) (citing *Schuck v. Frank*, 27 F.3d 194, 196 (6th Cir. 1994)). "[We] recognize[] an exception in cases where the district court's remand order 'directs the agency to proceed under a certain legal conclusion and the agency to which the case is remanded would have no opportunity to appeal after remand.'" *Id.* (quoting *Shuck*, 27 F.3d at 197). "However, this exception applies only when the appellant is the *agency*." *Id.* (citing *Alsea Valley All. v. Dep't of Com.*, 358 F.3d 1181, 1184 (9th Cir. 2004)). In such instances, "the agency has no choice but to conduct its proceedings and to render its decision pursuant to that standard" and "would have no opportunity to appeal after the proceedings on remand." *Schuck*, 27 F.3d at 196 (quoting *Occidental Petroleum Corp. v. SEC*, 873 F.2d 325, 330 (D.C. Cir. 1989)). "[U]nlike the agency applying a legal standard on remand," however, "a private party is not deprived of an opportunity for review after the remand." *Nat'l Air Traffic Controllers Ass'n*, 2007 WL 2141941, at *2.

Neither scenario is presented by this case. The district court's remand directs the FCIC to treat the Michigan policy as a new submission but leaves the rest up to the agency. The agency therefore retains its discretion to apply the same standards it applies to any new submission. Likewise, the appellants in this case are private entities who can seek review of the outcome of the

No. 22-1056
-3-

FCIC's action. "[If Plaintiffs are] dissatisfied with the agency's ruling, [they] will be able to bring suit again in the district court, and if dissatisfied with the district court's ruling, appeal to this Court." *Id.* at *3. This case does not implicate the exception to the general rule that an order remanding for further administrative proceedings is not a final appealable order.

Accordingly, the motion to dismiss is **GRANTED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk